IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SAVAGE,<br><br>    Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPT., et al.,<br><br>    Defendants. | No. C 14-03075 HRL (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

      Plaintiff, a state prisoner proceeding pro se, filed a complaint against officials at Santa Rita Jail ("SRJ") pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

**A.**    **Standard of Review**

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal With Leave to Amend
P:\PRO-SE\HRL\CR.14\03075Savage_dwlta.wpd

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff claims that on May 19, 2014, he fell from the top bunk and injured his back while getting out of bed. He asserts that there are no ladders or steps for climbing up and down the bunk beds. Plaintiff claims that he was denied a bottom bunk chrono after hurting himself by Dr. D. Moore, the building physician. Plaintiff claims that the jail staff is "causing injuries that is foreseeable by not fixing the bunks to safeguard against injuries." Plaintiff also claims that the jail's maximum security, where he is presumably being housed, lacks flat screen television, has no early release programs or vocational programs. Plaintiff seeks injunctive relief and damages for his pain and injury. (Compl. at 3-4.)

**1.  Unsafe Conditions**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834. In order to state a "failure-to-protect" claim, allegations in a pro se complaint must be sufficient to raise an inference that the named prison officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Hearns v. Terhune, 413 F.3d 1036, 1041-

42 (9th Cir. 2005).

Neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id.

Assuming that the absence of a ladder or other support for a bunk bed is sufficiently serious, Plaintiff's claim is insufficient because he fails to allege sufficient facts to show the subjective prong for a "failure-to-protect" claim, i.e., that a specifically named official both knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Hearns, 413 F.3d at 1041-42. Although he names Sheriff Gregory Ahern and Sergeant MacIntire as defendants to this action, (Compl. at 2), he fails to state facts sufficient to show that they were directly responsible for the dangerous conditions in the prison. His statement of claim makes no mention of them and contains no description of their direct involvement in the matter. Plaintiff shall be given an opportunity to file an amended complaint to attempt to correct these deficiencies.

In amending his complaint, Plaintiff is advised that liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633.

### 2. Medical Needs

With respect to the claim against Dr. Moore, Plaintiff's allegations are also insufficient to state a claim. To the extent that he is attempting to state an Eighth Amendment claim of deliberate indifference to serious medical needs, see Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986), the Court needs to examine two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Here, Plaintiff has failed to allege these two essential elements to state an Eighth Amendment claim against Dr. Moore. He shall be granted leave to amend this claim to attempt to state sufficient facts.

### 3. Other Claims

Plaintiff claims that the maximum security at the jail lacks flat screen televisions, early release programs and vocational programs. However, Plaintiff cites to no legal authority indicating that such conditions constitute a deprivation of constitutional proportions, or that there is a liberty interest created by state law to support his claim. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976); see Sandin v. Conner, 515 U.S. 472, 484 (1995). Accordingly, these claims are also dismissed with leave to amend.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case

number used in this order and the words "FIRST AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 14-03075 HRL (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 11/25/14

HOWARD R. LLOYD
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MICHAEL SAVAGE,

       Plaintiff,

v.

ALAMEDA COUNTY SHERIFF'S DEPT.,
et al.,

       Defendants.

Case Number: CV14-03075 HRL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __11/26/2014__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Michael Savage AJH-470
Santa Rita Jail
Alameda County Sheriff's Department
5325 Broder Blvd.
Dublin, CA 94568

Dated: __11/26/2014__

P. Cromwell, deputy
Richard W. Wieking, Clerk